LOUIS H. PINK, ETC., ET AL., PLAINTIFFS-APPELLANTS, v. VIOLET P. DEERING, DEFENDANT-RESPONDENT.

Argued October 2, 1940—Decided January 27, 1941.

570

Before Justices TRENCHARD, BODINE and PORTER.

For the plaintiffs-appellants, *John D. Craven.*

For the defendant-respondent, *John Warren.*

The opinion of the court was delivered by

PORTER, J. This case is in the Monmouth County Circuit Court and concerns the rights of the parties to certain household furniture. The case came to this court on appeal and the judgment below was affirmed on March 15th, 1939, in an opinion reported in 122 *N. J. L.* 277. The *remittitur* was duly entered.

The motion now before us is to direct the court below to obey the *remittitur.*

The record of the case is not before us. Supporting the motion and a counter-motion for the taking of depositions, &c., are certain affidavits. The factual situation is presented in the affidavits, copies of various petitions, orders and the briefs of counsel sufficient for present purposes. The facts seem to be that a mortgage on premises in Rumson owned by defendant and her husband James R. Deering, plaintiffs, was foreclosed and the amount recovered on a sale resulted in a deficiency on the bond. To recover the amount of the deficiency a suit was instituted in September, 1936, in attachment in the Monmouth County Circuit Court against James R. Deering against furniture located in the premises. Violet P. Deering, defendant, filed a claim of property in the furniture which has never been adjudicated. In April, 1937, a suit was instituted in attachment against the same furniture against the defendant herein which proceeded to sale on or

about June 18th, 1937. In that suit claims of property in the furniture were filed by William R. Deering and James A. Deering on June 15th, 1937, which claims have never been adjudicated. Thereafter in April, 1938, the defendant obtained an order to show cause why the attachment, resulting judgment and sale should not be vacated and set aside. The late Judge Lawrence, after hearing, concluded that "the sale of the goods and chattels undertaken to be attached thereunder [be] set aside, to the end that defendant, Mrs. Deering, may be restored to her rights herein in accordance with the rule suggested in *St. Mary's Church* v. *Mayor, &c., Gloucester City,* 120 *N. J. L.* 420." In accordance with those conclusions a rule for judgment was entered June 18th, 1938. On July 22d, 1938, the defendant obtained a rule to show cause why a writ of restitution should not be issued, this rule was undecided upon the death of Judge Lawrence. As stated, there was an appeal from the judgment entered June 18th, 1938, which was affirmed by this court on March 15th, 1939. Thereafter, on March 29th, 1939, the defendant obtained another rule to show cause why a writ of restitution should not be issued returnable April 21st, 1939. Upon the return of that rule there was presented to the court evidence that the plaintiffs had paid taxes on the furniture in question in the amount of $1,062.27 for the years 1932 to 1939, inclusive, which payments were made to prevent the sale of the furniture for taxes. The furniture had during this period remained in the mortgaged premises. Judge Kinkead heard the matter and granted a writ of restitution on June 17th, 1939, conditional upon the payment to the plaintiffs of the amount of money paid for taxes. The court also ordered the storage of the furniture in a warehouse which was done at an expense of $470.22. Later, October 6th, 1939, the plaintiffs obtained, upon notice, and after hearing, an order directing that it have a lien on the furniture for the amount paid for taxes, storage, &c., and that it be sold to satisfy that lien. Pursuant to that order the sheriff sold at public sale on November 9th, 1939, at which sale the plaintiffs were the highest bidders and purchased at $1,000. Thereafter, on August 20th, 1940, the defendant obtained an order to show cause in the Monmouth

Circuit Court why the sale should not be set aside. On September 26th, 1940, after hearing, Judge Kinkead concluded that the rule be dismissed.

The question the defendant seeks to have adjudicated on this motion is whether or not the court below had the power to issue the writ of restitution conditional upon the payment of the money paid by the plaintiff. The argument being that the court exceeded its power, that this court in its *remittitur* remanded the case to the trial court for the purpose of issuing a writ of restitution restoring the furniture to the possession of the defendant without the imposition of any conditions.

We conclude that this matter is not properly before us and that we are without jurisdiction to decide it. Rather than appeal from the order complained of the defendant elected to argue the question before the trial court and obtained a rule to show cause for that purpose. The court considered all of the points here argued and dismissed the rule. There was not, nor could there be, a reservation of appeal on the return of a rule to show cause. *McMichael* v. *Horay*, 90 *N. J. L.* 142; *Faragasso* v. *Introcaso*, 98 *Id.* 583; *Goekel* v. *Erie Railroad Co.*, 100 *Id.* 279.

This court is without jurisdiction because the time during which an appeal from the action complained of has long since expired. When this court decided the appeal above mentioned and entered the *remittitur* its jurisdiction ceased and the court below again had jurisdiction. Its subsequent action cannot be reviewed, after the time for appealing has expired, by motion as is attempted here. *Cf. King* v. *Ruckman*, 22 *N. J. Eq.* 551; *Sobel* v. *Sobel*, 99 *Id.* 707; *Daniel* v. *Elmer*, 113 *N. J. L.* 227; *Glowacky* v. *Sheffield Farms Co., Inc.*, 11 *N. J. Mis. R.* 833; *General Motors Acceptance Corp.* v. *American Surety Co.*, 113 *N. J. L.* 139.

The respondent, however, argues that these cases do not apply because in those cases there were no final judgments while in the instant case the writ of restitution was final and moreover in allowing it the court below was acting ministerially in carrying out the instructions of this court and that in attempting to do so violated this court's instructions. The argument being that it was limited in issuing a writ of restitu-

tion restoring the goods to the defendant without condition or limitation. The basis of that contention was that the appeal was on a writ of restitution but such is not the fact. The appeal was on a rule to show cause why a writ should not issue. No writ had been issued and this court did no more than affirm the court below that a writ should issue restoring the goods to the defendant. To do so the court below was obliged to hear the matter in accordance with the law and proper procedure. We cannot pass on the merits of the issue sought to be raised on this motion, on the state of the record before us, that the action of the court in issuing the writ conditional upon the payment of taxes, &c., constituted reversible error. In passing, however, our observation is that it seems to us that the court had discretionary power to impose conditions. *Cf. St. Mary's Church* v. *Mayor of Gloucester, supra; Scott* v. *Conover,* 10 *N. J. L.* 61; *Mayor, &c., of Jersey City* v. *Riker,* 38 *Id.* 225, 227. The theory upon which the court acted was that of subrogation by the plaintiffs to the taxing municipality. *Cf. Bater* v. *Cleaver,* 114 *Id.* 346.

Upon the argument of this case the query was made as to whether or not the proper procedure would not be an application for a writ of *mandamus.* So a supplemental motion was made and is argued by the defendant in a reply brief applying for a writ of *mandamus* to direct the court below to issue a writ of restitution unconditionally. Or, in the alternative, application is made for the amendment of the *remittitur* providing that the writ of restitution be so made.

For the reasons stated the motions are denied, with costs.